UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARNES FUNERAL HOME, INC. | § § | |
| V. | § § | C.A. NO. 4:20-cv-04226 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § § § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Carnes Funeral Home, Inc. ("Carnes"), Plaintiff, files this Motion to Remand, and in support would show:

### I.      Background

This is an insurance coverage dispute that arises out of an underlying lawsuit styled *Kristin Parras v. Carnes Funeral Home, Inc.*, Cause No. 2019-67238, filed in the 80th Judicial District Court of Harris County, Texas (the "Underlying Suit"). In the Underlying Suit, Kristin Parras alleges that she contracted with Carnes to provide funeral home services for her mother, Laura Lee Jones, who had recently passed away. Parras alleges that in the course of transporting Ms. Jones' body using one of its vehicles, Carnes carelessly allowed the body to fall out of the vehicle on Old Spanish Trail in Houston, Texas. The operators of the vehicle allegedly failed to realize that the body had left the vehicle, and they continued on, leaving the body behind. A Good Samaritan allegedly found the body strapped to a gurney on the side of the road. After she learned of the incident, Parras sued Carnes, alleging that the incident caused her mental anguish, for which she seeks damages.

On the date of the incident, Carnes had in force an automobile policy issued by the Defendant herein, State Farm Mutual Automobile Insurance Company (the "Policy"). Carnes tendered the Underlying Suit to State Farm and requested a defense pursuant to the Policy. State Farm denied coverage under the Policy, however, prompting Carnes to file the present lawsuit. In its Original Petition, Carnes alleges that State Farm breached its policy by denying a duty to defend Carnes, and by prematurely denying a duty to indemnify. Carnes also seeks declaratory relief to the same effect.

On December 11, 2020, State Farm removed the case to this Court. State Farm contends that removal jurisdiction exists because there is complete diversity among the parties and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. As discussed below, although the parties are diverse, State Farm has not met its burden of establishing that the amount in controversy exceeds $75,000. Accordingly, federal jurisdiction does not exist, and Carnes' motion to remand should be granted.

**II.     Standard of Review**

A defendant may remove a case to federal court in the federal court has subject matter jurisdiction to hear the original complaint. *Garcia v. Allstate Vehicle and Property Ins. Co.*, 2018 WL 8758573 (S.D. Tex. June 21, 2018) (citing 28 U.S.C. sec. 1441(a)). "Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction." *Id*. (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Accordingly, the removing party bears the burden of establishing that a state court suit is removable to federal court. *Id.* (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the

plaintiff's favor. *Id*. (citing *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005)). Any doubts about the propriety of removal are to be resolved in favor of remand. *Id*. (citing *Acuna*, 200 F.3d at 339).

> **III.   State Farm failed to meet its burden of establishing that the amount in controversy exceeds $75,000.**

In order to establish removal jurisdiction, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Garcia,* 2018 WL 8758573 at *2 (quoting *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1409 (5th Cir. 1995)). "The removing party may fulfil this burden by (1) showing that it is 'facially apparent' that the claims in the initial petition support an award greater than $75,000; or if not facially apparent, by (2) setting forth the facts in controversy that support a finding of an amount greater than $75,000." *Id.* (citing *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995)). When making the "facially apparent" determination, courts must look to the face of the initial petition and ask whether the amount in controversy is likely to exceed $75,000. *Id*.

> **A.  State Farm has not met its burden of establishing that it is "facially apparent" that the claims in the petition support an award greater than $75,000.**

In its petition, Carnes seeks recovery of actual damages for breach of contract, and reasonable and necessary attorney's fees. The petition alleges that "[p]ursuant to Texas Rule of Civil Procedure 47, Carnes sues for monetary relief of $100,000 or less and non-monetary relief. Specifically, Carnes seeks recovery of less than $75,000 and declaratory relief." Plaintiff's Original Petition, p. 2. It is therefore "facially apparent" that Carnes is *not* seeking an amount greater than $75,000. At a minimum, it cannot be said that it is "facially apparent" that Carnes *is* seeking recovery of an amount *greater* than $75,000. State Farm therefore failed to meet its burden.

**B. State Farm failed to provide facts sufficient to establish by a preponderance of the evidence that the amount in controversy at the time of removal was greater than $75,000.**

In support of its contention that the amount in controversy is greater than $75,000, State Farm relies upon three supposedly "undisputed facts." Upon closer examination, none of them is sufficient to sustain State Farm's burden.

The first "fact" is that the State Farm policy has liability coverage limits of $2,000,000. While this statement is correct, it is not relevant to the analysis. As this Court noted in *Garcia*, *supra*, "[i]t is the value of the *claim*, not the available coverage under the Policy, that determines the amount in controversy." *Garcia*, 2018 WL 8758573 at *3 (emphasis in original). Consequently, the fact that the Policy has limits of $2,000,000 does not impact the amount in controversy.

The second "fact" is that the plaintiff in the underlying lawsuit seeks monetary relief of $200,000 to $1,000,000. While this is also a true statement, it is equally irrelevant to the analysis. The proper focus is on the value of *Carnes'* claims in the present case, not the value of Parras' claims against Carnes in the Underlying Suit. This is particularly the case, given that the duty to *indemnify* is not at issue. Carnes only seeks damages for State Farm's breach of the duty to *defend*. It does not seek damages for State Farm's breach of the duty to *indemnify* because that issue is not yet ripe for adjudication. That issue is not ripe for adjudication because there has been no judgment entered against Carnes in the Underlying Suit, nor has there been any settlement of that suit.

Instead, the damages which Carnes seeks against State Farm are for State Farm's breach of the duty to defend. Those damages are measured by the reasonable attorney's fees which Carnes was required to incur in defending itself in the underlying suit (which at the time of filing of this suit were less than $75,000). The damages sought do *not* include the value of Parras' claims, or

any amounts which State Farm might be required to pay to settle or satisfy any judgment entered against Carnes in the Underlying Suit. Any such amounts are also not the subject of Carnes' request for declaratory relief. Carnes only sought a declaration that State Farm had a duty to defend it in the Underlying Suit, and that State Farm prematurely denied the duty to indemnify. Carnes did not seek a declaration that State Farm has a duty to indemnify it, because there is nothing yet to indemnify Carnes for (again, there has been no judgment entered in, or settlement of, the Underlying Suit).

Finally, as supposed "evidence" of the amount in controversy in the present case, State Farm points to the fact that Carnes filed another lawsuit in federal court against another one of its insurers (Allstate) arising out of the same Underlying Suit. It is true that Carnes was forced to file suit against Allstate due to the fact that Allstate was also disputing coverage under the policy it issued to Carnes (a commercial business policy). But the two separately filed coverage actions are not one and the same, nor do they both involve the same amount in controversy.

The difference lies in the fact that Allstate provided a defense to Carnes while at the same time reserving all of its rights, whereas State Farm simply denied a defense to Carnes altogether. In the Allstate action, Carnes only sought a declaration regarding Allstate's duty to defend; it did not assert a claim for breach of contract. Thus, the value of Carnes' claim in that suit was measured by the attorney's fees that would be incurred by Allstate in defending Carnes throughout the course of the Underlying Suit. Allstate recognized that the amount of those fees would likely exceed $75,000, which is why it never challenged the existence of federal court jurisdiction.

The present action stands in a different posture, where the amount in controversy does not exceed $75,000. Since Allstate reserved its right to ultimately deny coverage, Carnes was required to hire additional counsel to assist in defending the Underlying Suit. The amount which Carnes

seeks to recover from State Farm for breach of contract is therefore the expense which Carnes was required to incur in hiring its own separate counsel to assist in the defense of any potentially uncovered claims. At the time of the filing of this action, and at the time of removal, the amount of those fees was substantially less than $75,000. In any event, State Farm has not satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy at the time of removal was *greater* than $75,000. Therefore, the amount in controversy requirement of diversity jurisdiction has not been met, and the Court lacks subject matter jurisdiction. *See, e.g., Garcia*, 2018 WL 8758573 at *3.

WHEREFORE, Carnes Funeral Home, Inc. requests that its motion to remand be granted, and that this Court remand this case to the 129th Judicial District Court of Harris County, Texas.

Respectfully submitted,

*/s/ Alexander N. Beard*
Alexander N. Beard

Alexander N. Beard
State Bar No. 01970000
SAUNDERS, WALSH & BEARD
6850 TPC Drive, Suite 210
McKinney, Texas 75070
Telephone: (214) 919-3555
Facsimile: (214) 945-4060
Alex@SaundersWalsh.com

Mark D. Johnson
State Bar No. 10770175
SAUNDERS, WALSH & BEARD
6850 TPC Drive, Suite 210
McKinney, Texas 75070
Telephone: (214) 919-3555
Facsimile: (214) 945-4060
Mark.Johnson@SaundersWalsh.com

## CERTIFICATE OF CONFERENCE

I, Alexander N. Beard, hereby state that on the 12th day of January, 2021, I conferred with Greg Howard regarding the matters set forth in the above Motion and as such, agreement could not be reached. For this reason, Motion to Remand is presented to this Court for determination.

*/s/ Alexander N. Beard*
Alexander N. Beard

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on the 12th day of January, 2021.

*/s/ Alexander N. Beard*
Alexander N. Beard